MANHATTAN, The (UNITED STATES v.). See Cases Nos. 15,714 and 15,715.

MANHATTAN BRASS CO (UNITED NICKEL CO. v.). See Cases Nos. 14,409, and 14,410.

MANHATTAN ELEVATOR & GRAIN-DRYING CO. (SYKES v.). See Case No. 13,710.

---

## Case No. 9,021.

### MANHATTAN FIRE INS. CO. v. The C. L. BREED.

[1 Flip. 655;[1] 9 Chi. Leg. News, 385; 2 Cin. Law Bul. 190.]

District Court, N. D. Ohio. April, 1877.

ADMIRALTY — PROCEEDINGS IN REM — UNDIVIDED INTEREST.

Proceedings in rem in admiralty, cannot be instituted by a party against an undivided interest of an owner in a vessel.

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

In admiralty.

H. D. Goulder, for libellant.
Willey, Terrell & Sherman, for defendant.

WELKER, District Judge. This is a libel filed by the Manhattan Insurance Company to recover a premium note for an insurance upon five-sixteenths of the schooner C. L. Breed, obtained by the owner of that interest in the schooner. An exception was filed by the defendant, which raises the question whether proceedings in rem in admiralty can be instituted by a party against an undivided interest of an owner in a vessel. There is no controversy at all, but that the Manhattan Fire Insurance Company might proceed in personam against the party who had taken out the insurance, and after obtaining a judgment, might levy upon his interest and sell it for the payment of the decree of this court, founded upon the premium note, or the unpaid premium of the insurance.

But the difficulty in this case arises as to the operation of the machinery that is required in admiralty courts to proceed in rem against vessels. A proceeding in rem always requires that the seizure shall be under the process of the court. The marshal must get possession of the vessel (of the res) before an admiralty court gets jurisdiction in rem; and the difficulty about this sort of a case is, that there is no process by which the marshal has the right, at the instance of this Fire Insurance Company, having a claim against five-sixteenths of the vessel, to seize the whole vessel.

The fact is, that in this case, the marshal did not seize the vessel, but it is agreed by counsel for the purpose of having a decision in relation to this matter, that the proceedings may be treated as though the marshal had seized the vessel. In the first place, I can find no case in which any admiralty court has held, for a hundred years, in the practice of admiralty in this country, that an undivided interest in a vessel might be seized in rem for the satisfaction of a claim against the owner of that interest.

It is replied by counsel on the other side, that that is no reason why the case might not come up as a new question. The fact that in the extensive admiralty practice by so many lawyers, that seems to have prevailed in all the courts of the United States, such a case has never before been attempted, is a strong argument to show that no such law or authority exists.

The process of seizing a vessel and bonding her is entirely different from that of levying an execution upon an undivided interest in real estate or personal property. I am cited by counsel to authorities, which justify and authorize a levy on a joint interest in property to pay a judgment against a joint owner. That is a very common process in all the courts, but the case is not analogous to that of a seizure of a vessel;

for where an execution is levied upon a joint interest, the owners of the balance of the interest in the property may give a bond to re-deliver the property at the day of sale, and the sale can go on, and in the meantime the property will be in the hands of the other owners, and be used for its particular purposes, and when the day of sale comes around, to deliver it to the purchaser in any necessary form that may be required in order to make a valid sale; but when a vessel is seized by the marshal, it can only be released upon the claimants of the vessel making a stipulation that they will pay the amount of the decree that may be rendered in the proceedings in rem against the vessel. There is no process for the return of the vessel. The proceeding would have to be against the stipulator in the stipulation, and it is not against the vessel at all after it is bonded. This view of the matter makes a levy on a judgment entirely different from the seizure of a vessel itself.

In the next place, if these joint owners would enter into a stipulation to pay the amount of the decree, they would be compelled to pay the debt of the other joint owners, and in every view that can be taken of the machinery which is necessary to be used in proceedings in rem against vessels it will be found that it cannot be put into operation practically, so as to work out right and justice between the joint owners. That is the reason, no doubt, that in all the law and practice of admiralty, no such case has ever occurred in which a joint owner's interest of this kind was seized in rem.

For these reasons I am clearly of the opinion that these proceedings are not authorized in the admiralty law.

The exceptions will be sustained and the bill will be dismissed.